# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

McLaughlin

v.

McLaughlin

June 4, 1985

Case No. (Chancery) 4879

By JUDGE EDWARD W. HANSON, JR.

I have reviewed the transcript of the proceedings, the recommendations of the Commissioner in Chancery, the exceptions filed by each counsel, and have considered the arguments made by counsel on May 31, 1985.

With regard to the sole exception filed by Mr. Wright, I am of the opinion that the language of § 20-107.3(G) is controlling. That code provision states: "No part of any monetary award based on the value of pension or retirement benefits, whether vested or nonvested, shall become effective until the party against whom such award is made *actually begins to receive such benefits*." The obligation to pay the funds to the complainant does not attach until the funds are actually received by the defendant. The death of the defendant would halt funds received by him, no funds would be received by his estate, and therefore no charge can be made against his estate. Accordingly, the exception is sustained.

With regard to the exceptions filed by Mr. Caton, I will address each one in numerical order:

1. The finding of the Commissioner, that the complainant deserted the defendant, is well supported by the evidence. As the Commissioner was in the best position to judge the appearance and credibility of the witnesses, his recommendation will be accorded the proper weight. The exception is denied.

2. Denied, in accordance with my ruling above.

3. The award of child support will be increased to $300.00 per month per child.

4. The exception is denied.

5. Section 20-107.3(F) states: "The court shall determine the amount of any such monetary award. . . ." The language of this statute prohibits a percentage award and makes it mandatory that the court fix a set amount to be awarded. The amount recommended by the commissioner and the schedule of payments is reasonable. I know of no authority for the awarding of interest. The exception is denied.